ELLIS, Appellant, vs. LAMPMAN, Respondent.

*March 4 — March 22, 1898.*

*Appeal: Irregularity of undertaking: Waiver.*

1. The consent of the respondent that an undertaking on appeal, which is found to be insufficient, may be signed by a new surety, and when so signed shall be deemed satisfactory, is a waiver of the irregularity and precludes the respondent from taking advantage thereof.

2. An appeal from a judgment in an action of ejectment dismissing the complaint for failure of the plaintiff to pay the costs of a continuance, which were less than $100, cannot be sustained, under ch. 183, Laws of 1897, as one in which the title to lands is in question. It involves no consideration of the merits of the case, and the court may determine that question on a motion to dismiss.

APPEAL from a judgment of the circuit court for Barron county: A. J. VINJE, Circuit Judge. The respondent moved to dismiss the appeal. *Motion granted.*

This action was commenced in the municipal court of Barron county to recover for a trespass to land alleged to have been committed by the defendant, the damage being laid at the sum of $10. An answer was interposed alleging that the title of land would come in question, and the action was duly removed to the circuit court. When the action was called for trial in that court plaintiff made a motion to make one *Allen* a party defendant. The motion was granted, the cause was continued, and plaintiff was required to pay the sum of $46.82, costs of continuance, within thirty days, and, on default thereof, said action was to be dismissed. Subsequently the time of payment was extended to sixty days. Proof having been made of the failure of plaintiff to pay such costs, a judgment was duly entered, dismissing the action, from which this appeal was taken. Defendant excepted to the sufficiency of the sureties on the undertaking, and, on the day appointed for them to justify, it was found

that one of them was insufficient. Thereupon, and by consent of defendant's counsel, another surety signed the original undertaking. Defendant now moves this court to dismiss said appeal on the grounds that no sufficient undertaking has been given, and that the amount in controversy is less than $100.

*James Wickham*, for the motion.

*C. F. Lamb, contra.*

PER CURIAM. The undertaking must be deemed sufficient. The consent of defendant's counsel that the new surety might sign the original undertaking, and the statement that when so signed it would be deemed satisfactory, precludes the defendant from taking advantage of the irregularity.

The merits of the case are not involved on this appeal. An inspection of the record discloses the fact that the only question that could be considered by this court is whether the circuit court was justified in dismissing the action for failure of plaintiff to pay the costs of continuance. The amount in controversy in this action is but $10, and the judgment for costs from which this appeal is taken is but $46.82. This appeal cannot be sustained unless the judgment is one in which it can be said that the title to lands "shall therein be in question," under ch. 183, Laws of 1897. Clearly, this is not such a case. It involves no consideration of the merits of the case. The obvious purpose of the statute is to relieve this court from the obligation of examining and determining controversies where the amount involved, exclusive of costs, is under $100, unless in the *judgment itself* the title to lands shall be in question. Where it is manifest that the judgment appealed from involves no such question, this court feels at liberty to determine that question on a motion to dismiss.

The record in this case shows the grossest violation of rule VII½ of this court. Papers are jumbled together in

Zehren vs. The Milwaukee Electric R. & L. Co.   Robran vs. Same.

the utmost confusion, without regard to date or their relation to each other. We find ample justification for the dismissal of this appeal on these grounds, even if the other ground were deemed insufficient.

Appeal dismissed.